FILED

GWENDOLYN CARTER
818 FLOWER STREET UNIT 3
LOS ANGELES CA 90301

Tel: 424-204-6795
pro se

2012 JUL 27 PM 5: 04
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

LODGED
2012 JUL 26 PM 3: 16
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

I/S 21 Days Summons

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| GWENDOLYN CARTER, Plaintiff, vs. BANK OF AMERICA, N.A.; FIRST FRANKLIN CREDIT SUISSE and DOES 1 to 100, Defendants. | Case No.: CV12-6424-SJO (FFMx) **COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE RELIEF, CANCELLATION OF INSTRUMENTS** $1,500,000. **JURY TRIAL DEMANDED** |

TABLE OF CONTENTS


| | |
|---|---|
| INTRODUCTION | 2 |
| PARTIES | 3 |
| OTHER DEFENDANTS | 3 |
| AGENCY | 3 |
| VENUE AND JURISDICITION | 4 |
| TOLLING OF STATUTES OF LIMITATION | 5 |
| FACTUAL ALLEGATIONS | 5,6,7,8 |
| FIRST CAUSE OF ACTION | 9 |
| FRAUD DECEIT AND/OR NEGLIGENT MISREPRESENTATION | |
| SECOND CAUSE OF ACTION | 9, 10 |
| NEGLIGENCE | |
| THIRD CAUSE OF ACTION | 11 |
| VIOLATION OF RESPA | |
| FOURTH CAUSE OF ACTION | |
| VIOLATION OF THE UNFAIR COMPETITION LAW | 11,12 |
| PRAYER FOR RELIEF | 12 |

INTRODUCTION

**INTRODUCTION**

**1.** The advent of the collapse of the housing and mortgage market has created a situation where financial institutions have outsourced work product and have lost control of the foreclosure process. In doing so, financial institutions have deliberately violated and ignored laws in an effort to achieve their goal of repossessing properties. In this case, plaintiff, Gwendolyn Carter , entered into an agreement to purchase the property on December 3, 2009, issued payment to Mrs. Smith and took possession with the agreement that the property was in an as-is condition and that the purchase price was for fair market value or the balance of the loan. On March 5, 2010, plaintiff filed for protection in the United States Bankruptcy Court Central District of California . Plaintiff properly noticed the debt servicer,defendant, First Franklin. First Franklin refused to answer any notices pertaining to this filing. Plaintiff was not seeking forgiveness of debt and had financial capability to pay the balance due on the property in full. First Franklin was named in an action by Dorothea Smith, the person from who Gwendolyn Carter obtained the property.

**2.** Defendant ,First Franklin ,transferred the debt servicing of the loan to a sister company, Credit Suisse. Plaintiff became aware of the change and contacted Credit Suisse. Credit Suisse sent no notices and also ignored service of plaintiff's bankruptcy filing. Neither First Franklin or Credit Suisse filed a proof of claim or any motion in the United States Bankruptcy Court objecting to my claim of interest in the property. Credit Suisse and their trustee sold the property without noticing me and refused to submit documents to the United States Bankruptcy Court so that their lien could be properly satisfied.

## II. PARTIES

**3.** Gwendolyn Carter is, and at all times herein, was a resident of Los Angeles County. California.

**4.** Bank of America N.A. , is a National Association organized under the laws of the United States having its principle offices in Delaware but doing business in California.

**5.** First Franklin is a debt servicer owned by Bank of America. First Franklin is a dba of Home Loan Services Inc FKA National City Home Loan Services. Its principle offices are located in Pittsburgh, Pennsylvania but is doing business in California.

**6.** Credit Suisse is an multinational financial services group with its principle offices in Zurich, Switzerland. It has offices in California.

## OTHER DEFENDANTS

**7.** The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 100 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff alleges that each of said fictitious Defendants is in some manner responsible for the acts hereinafter set forth. Plaintiff will amend this Complaint to show the true names and capacities of these DOE Defendants, as well as the manner in which each fictitious Defendant is responsible, when these facts are ascertained.

**8.** **AGENCY**

Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned each of the Defendants was an agent, servant, employee, and/or joint venturer of each of the remaining Defendants, and was at all times acting within the course and scope of such agency, service, employment, and/or joint venture, and each Defendant has ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said facts.

Aiding and Abetting/Conspiracy

Defendants, and each of them, aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff, as alleged herein. In taking action, as alleged herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its/his/her primary wrongdoing and realized that its/his/her conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

Alter Ego

There is a unity of interest between Defendants, and each acts as the alter ego of the other.

## III VENUE AND JURISDICITION

This court further has jurisdiction under 28 U.S.C. § 1331 pursuant to 12 U.S.C. § 2605.

.

This Court has personal jurisdiction over the parties in this action by the fact that Defendants are corporations that are licensed to do business in the state of California or otherwise conduct business in the state of California.

Venue is proper in this Court as the unlawful practices and conduct are alleged to have been committed in Los Angeles County, California. Plaintiff's home, which is the subject of this litigation, is in Marin County, California, all Defendants reside in this district within the meaning of 28 U.S.C. § 1391(c), and Defendants regularly conduct business in this district.

**IV TOLLING OF STATUTES OF LIMITATION BY FRAUDULENT CONCEALMENT**

Any applicable statutes of limitation have been tolled by Defendants' continuing, knowing and active concealment of the facts alleged herein. By virtue of Defendants' concealment and misrepresentations to plaintiff, Plaintiff could not and did not discover Defendants' actions.

In the alternative, Defendants should be estopped from relying on any statutes of limitation. Defendants owed Plaintiff an affirmative duty of full and fair disclosure, but knowingly failed to honor and discharge such duty. Finally, Defendants' conduct is not barred by any statutes of limitation because Defendants' conduct constitutes an ongoing violation of Plaintiffs' rights, which continues to the present.

**V FACTUAL ALLEGATIONS**

A. The Foreclosure Crisis

For the past three years, the United States has been in a foreclosure crisis.

In late 2009, one in eight U.S. mortgages was in foreclosure or default, and 2.8 million homeowners received foreclosure notices in 2009.

California has been one of the states hardest hit by this crisis. California had the highest number of foreclosures in the United States for all of 2009. RealtyTrac reports that the number of total California properties with foreclosure filings in 2009 was 632,573. This represents a nearly 21% increase over 2008 and a 153% increase from 2007. In the first quarter of 2010, California posted the nation's fourth highest foreclosure rate; during that period, California accounted for 23% of the nation's total foreclosure activity.

The foreclosure crisis "continues unabated," as a Congressional Oversight committee indicated in a 2010 report.

B. BANK OF AMERICA'S PURCHASE OF HOME LOAND SERVICES INC

Merrill Lynch acquired Home Loan Services Inc in 2006 and Bank of America N A subsequently acquired Merrill Lynch on January 1, 2009 and its debt servicer Home Loan Services formerly known as National City Home Loan Services Inc. Home Loan Services is doing business as First Franklin.

C. PLAINTIFF'S PURCHASE OF THE HOME

On December 3, 2009, plaintiff entered into an agreement with Dorothea Smith to purchase the home located at 818 S Flower Street Unit 3, Inglewood, Ca 90301. Plaintiff agreed to purchase the property as-is and agreed to not hold seller responsible for repairs. Plaintiff understood that seller, Dorothea Smith, had filed an action against Fred Brown, Lynn Atkins, for wrongful foreclosure. Mr. Brown and Ms. Atkins held a second deed of trust on the property and had fraudulently notarized a document and removing Mrs. Smith's name from the property. First Franklin was named in that action to prevent them from allowing Mr. Brown and Mrs. Atkins to perfect the wrongful foreclosure by paying off the loan. Mr. Brown and Mrs. Atkins changed the locks on the property while I was gone on an errand. Mrs. Smith, Porshay Smith (daughter) came and changed the locks back to allow me to re-enter. Mrs. Smith still had a mortgage on the property which was being serviced by First Franklin. Mrs. Smith had been in a bankruptcy and had gotten permission from the United States Bankruptcy Court to release the property out of her case and to sell the property which is the subject of this action. On December 18, 2009, Mr. Brown, Mrs, Atkins, and other unidentified parties arrived with the Inglewood Police and had me removed at gunpoint. Though I showed documentation of my purchase agreement and the receipt for funds given to Mrs. Smith, I was threatened with arrest. I returned 10 days later. I filed a bankruptcy to bring closure to the purchase of the house and to stop the attacks by Mr. Brown. Further Mr. Brown had seized my business property and interfered with my income. I however had funding in place to pay First Franklin from having packaged a Pan-African trade conference. I only had $2,000 in debt from unpaid medical bills. I claimed the property on my schedule A and First Franklin was on the mailing list. I was waiting for First Franklin to file a proof of claim so that I could pay the mortgage in full and clear the title. First Franklin refused to file a proof of claim or file a motion to extinguish my interest. Further, First Franklin rather than upholding the fiduciary responsibility and correcting the fraudulent transfer, they instead conspired to extricate themselves from all judicial actions. They filed a demurrer againcst Dorothea Smith to had themselves removed as a defendant in her action and they transferred the loan to Credit Suisse. Plaintiff repeatedly contacted Credit Suisse. Further plaintiff, faxed notice of commencement of bankruptcy to the trustee. , First American Trustee Servicing Solutions

LLC. All notices were ignored. The property was sold without my knowledge or without having first obtained relief from the United States Bankruptcy Court.

On December 17, 2009, a man knocked on plaintiff's door and stated that he had purchased the property and a foreclosure sale the previous day. Plaintiff informed him that she was not interested in moving and that she had invested $15,000. into the property already. Plaintiff took the information and later offered the man $10,000 more than he had paid the previous day. Plaintiff also informed the party that she was in a bankruptcy and the bank had been served and should never have sold the property without first coming into the United States Bankruptcy Court to extinguish plaintiff's claim.

Plaintiff repeatedly called First Franklin before and after the transfer of the asset to Credit Suisse. Plaintiff called Credit Suisse before and after the sale. Plaintiff received no response from Credit Suisse or First Franklin.

## VI CAUSES OF ACTION

**FIRST CAUSE OF ACTION**

**FRAUD AND DECEIT AND/OR NEGLIGENT MISREPRESENTATION**

**(Fraud and Deceit, and/or Negligent Misrepresentation**

**Against All Defendants)**

Plaintiff realleges each and every allegation above as if set forth in its entirety in this Cause of Action.

Defendants colluded in the facilitation of the sale and transfer of the property without notice and in violation of the automatic stay.

Defendants acknowledged receipt of bankruptcy documentation yet refused to file documents and resolve the issue in the bankruptcy court. Defendants ignored by claim of interest in the property.

**SECOND CAUSE OF ACTION**

**NEGLIGENCE**

**(Negligence - Cal. Civ. Code §§ 1714(a) and 3333**

**Against All Defendants)**

Plaintiff realleges each and every allegation above as if set forth in its entirety in this Cause of Action.

All Defendants owed a duty of care to avoid foreseeable injury to Plaintiff

person or property. Defendants breached that duty by colluding to lure Plaintiff into believing that they would file the appropriate documents with the United States Bankruptcy Court to resolve the issue. Further, Defendant, Credit Suisse, refused to rescind the sale prior to the recording of the reconveyance. This action has caused Plaintiff to be sued by the transferees.

On Saturday, July 17, 2010, plaintiff discovered that her gas had been shut off. Defendant, First Franklin, had told Porshay Smith that if she could produce a utility bill in her name they would modify the loan. First Franklin was aware that Ms. Smith had not lived in the unit for over 3 years. Ms. Smith called Southern California Gas Company and insisted that she had never left the property. In view of this information and the fact that Ms. Porshay Smith had an outstanding balance of over $400., I was initially held liable for her unpaid balance and referred to the fraud department. First Franklin encouraged Porshay Smith to commit mortgage fraud and to additionally defraud me of the property. Ms. Smith had signed her interest in the property to her mother 5 years prior.

On October 31, 2011, at least two unidentified individuals attempted to gain entrance to my property. They kept insisting that I open the door because it was Halloween. They had somehow gained access through the security gate and came directly to my unit bypassing the first two units. They came armed with an incendiary device. They were trying to burn me out of the house. Because I did not open the front door, they instead threw the device under my automobile and set it on fire. After hearing profanity and crashing of glass, I opened the door to see if I could see them. The case is currently being handled by the Los Angeles County Arson Unit. On Thursday, July 5, 2012, a turkish man came to my unit and became violent when I would not open the door. He started screaming profanities. He claimed to own the property. Defendant, Credit Suisse's negligence has caused me to subjected to violence which has greatly affected me physically and emotionally.

Defendants, First Franklin and Credit Suisse, had an obligation to investigate and respond to my notices and by failing to do so has subjected me to the violent retribution of thrid parties.

**THIRD CAUSE OF ACTION**

**VIOLATION OF RESPA**

Violation of 12 U.S.C. § 2605(e) (RESPA) - Failure to Respond to Notices Against Defendants First Franklin and Credit Suisse)

Plaintiffs reallege each and every allegation above as if set forth in its entirety in this Cause of Action

First Franklin deliberately failed to respond to notice of bankruptcy filing by plaintiff. Further defendants failed to respond to faxes, letters, and phone calls.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE UNFAIR COMPETITION LAW**

**12 (For Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq.**

**(Against All Defendants)**

Plaintiff realleges each and every allegation above as if set forth in its entirety in this Cause of Action.

The California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"), defines unfair competition to include any "unlawful," "unfair," or "deceptive" business act or practice. Cal. Bus. & Prof. Code § 17200. The UCL authorizes this Court to issue whatever orders or judgments may be necessary to prevent unfair or unlawful practices, or to "restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Id. § 17203.

Bank of America N.A. , First Franklin, and Credit Suisse's acts and practices alleged herein are unlawful business

practices in that Bank of America's acts and practices alleged herein constitute unfair business practices, including, without limitation, the following practices:

Failing to perform loan servicing functions consistent with its responsibilities to Plaintiffs and its responsibilities under HAMP;

Failing to properly supervise its agents and employees, including without limitation, its loss mitigation and collection personnel, foreclosure personnel, and personnel implementing its modification programs.

Plaintiffs justifiably and reasonably relied upon these misrepresentations and omissions of material facts.

As a result of these violations and unlawful, unfair, and fraudulent business practices, Plaintiffs suffered injury in fact and lost money, including but not limited to. payment of medical bills. legal fees for defending property ownership. exclusion from voting rights in the Homeowners association.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

For Equitable relief, including an Order for Credit Suisse to rescind the deed which reconveyed title to GFD Inc and Oakridge Management LLC

A court order recognizing my ownership interest in the property.

The Court grant a Temporary Restraining Order preventing the eviction of plaintiff from the property by GFD Inc and Oakridge Management LLC

The Court enter a judgment declaring Bank of America, First Franklin, and Credit Suisse'sacts and practices complained of herein to constitute fraud, and all Defendants' acts and

practices complained of herein to be unlawful, unfair and fraudulent as well as a declaration that Credit Suisse is required by the doctrine of collateral estoppel to issue a deed in plaintiff's name.

For injunctive relief against Defendants and their assignees and transferees to prevent future wrongful conduct;

For actual statutory damages according to proof at trial for violations of the automatic stay or in the alternative, that First Franklin be ordered to make restitution to Plaintiffs pursuant to Cal. Bus. and Prof. Code § 17203;

17 6. For punitive damages pursuant to Cal. Civ. Code § 3294 et seq.;

18 7. For an award of attorneys' fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5 and 12 U.S.C. 2605(f)(3);

For such other and further relief as this Court may deem proper.

Dated: DATE July 26, 2012

By: [signature]
GWENDOLYN CARTER
pro se

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)
Gwendolyn Carter

**DEFENDANTS**
Bank of America N.A.
First Franklin
Credit Suisse

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Gwendolyn Carter
818 S. Flower Street Unit 3 Inglewood Ca 90301
424-204-6795

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ **MONEY DEMANDED IN COMPLAINT: $** 1,500,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
3439.06 Fraudulent transfer of Property

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☑ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV12-6424

**FOR OFFICE USE ONLY:** Case Number: ______________________

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Bank of America N.A. North Carolina<br>FirstFranklin Pennsylvania<br>Credit Suisse Switzerland |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note**: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** 7/26/2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

**CV12- 6424 SJO (FFMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
GWENDOLYN CARTER
818 S FLOWER STREET UNIT 3
INGLEWOOD, CA 90301

424-204-6795
PRO SE

FOR OFFICE USE ONLY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

GWENDOLYN CARTER

PLAINTIFF(S)

v.

Bank of America N.A
First Franklin
Credit Suisse
and Does 1-10

DEFENDANT(S).

CASE NUMBER
CV12-6424 SJO (FFMx)

**SUMMONS**

TO: DEFENDANT(S):

FOR OFFICE USE ONLY

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Gwendolyn Carter, whose address is 818 S. Flower Street Unit 3 Inglewood CA 90301. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: 7-27-12

By: CHRIS SAWYER
Deputy Clerk

*(Seal of the Court)*

FOR OFFICE USE ONLY

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

FOR OFFICE USE ONLY